RUSSELL LONGLEY *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Essex.    January 3, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway.

At the trial of an action against a telephone company by a boy sixteen years of age to recover for injuries alleged to have been received by him because, while he was driving a covered grocery wagon in a street in a city, the top came into collision with a rope which the defendant had stretched across the street, there was evidence tending to show that the rope was about an inch in diameter and extended diagonally across the street from the top of a pole, on the left hand side of the street as the plaintiff was driving, into the branches of a tree in full bloom on the right hand side of the street, where it was fastened at a point about seven feet from the ground; that the plaintiff was assisting his father in the grocery business by taking and delivering small orders and collecting bills, that at the time when the accident happened he was driving a safe horse at an ordinary trot, and that "for a minute and a half or two to three minutes or some-

thing like that" before the wagon struck the rope, he was turned around on the seat of the wagon, arranging some baskets behind him and was not looking ahead, that he held on to the reins while so doing, and that "the first thing he knew he fell out of the wagon." *Held*, that under the circumstances it could not be said as matter of law that the plaintiff was wanting in due care because as he drove along he was not looking ahead all of the time in anticipation of such a defect in the highway, or that he was negligent in turning around and arranging the baskets in the wagon behind him.

MORTON, J.   The plaintiff, a boy of sixteen, was assisting his father in the grocery business by taking and delivering small orders and collecting bills.   He was driving a grocery wagon when the top came into collision with a rope stretched across the street by the defendant company, and he was thrown out, receiving the injuries complained of.   There was a verdict for the plaintiff and the case is here upon the defendant's exception to the refusal of the trial judge * to rule that upon all the evidence the plaintiff was not entitled to recover.

The bill of exceptions contains the stipulation "that the only ground relied on in support of this exception is that the plaintiff failed to introduce sufficient evidence of due care on his own part."   The only question before us relates, therefore, to the plaintiff's due care.

The plaintiff testified "that ' for a minute and a half or two to three minutes or something like that' before he reached the point where the rope was fastened to the tree he was turned around on the seat of the wagon, arranging some baskets behind him, and was not looking ahead; that he held on to the reins while so doing, and 'the first thing he knew he fell out of the wagon.'"   The plaintiff further testified that the horse was a safe horse and that he was going at an ordinary trot.   He was asked on cross-examination if he could have seen the rope quite a distance down the street if he had been looking ahead, and he answered that he did not know; he should think so.   It appeared that the rope was about an inch in diameter and extended diagonally downward across the street from the top of a pole on one side of the street to a tree to which it was fastened on the other side of the street at a point about seven feet from the ground.   The plaintiff was driving on the right hand side of the street, about a foot from the curbing.   The tree was on

* *Bell,* J.

the same side and extended out over the street and was in full bloom, and " the rope went up to those branches." There were also other trees standing near the one to which the rope was fastened. The wagon was " an ordinary grocer's wagon, a little higher than ordinary," with a top ten or twelve feet high.

The plaintiff was driving along the street * on the side where he had a right to be. There was no sign or warning to indicate that there was any defect in the highway. He had a right to assume that it was reasonably safe for travel. If he had had any reason to be on the lookout for the rope, it is possible that he might have seen it, though, considering its size and the fact that it extended diagonally upward through the branches of the tree, and that there were other trees near it, it may well be doubted whether it would not have required close observation to see it. It cannot be said as matter of law that he was wanting in due care because he was not looking ahead all the time as he drove along, or that he was negligent in turning around and arranging the baskets in the wagon behind him as he drove along. Under the circumstances it was or could have been found to be a natural and reasonable thing to do. As we have said, he had no reason to anticipate any defect in the way ; the horse was going at an ordinary trot, and he was holding the reins. The question of his due care was plainly, it seems to us, for the jury. The cases relied on by the defendant are readily distinguishable. See *Talbot* v. *Taunton*, 140 Mass. 552 ; *Fox* v. *Sackett*, 10 Allen, 535.

*Exceptions overruled.*

The case was submitted on briefs.
*S. L. Powers & E. K. Hall,* for the defendant.
*J. H. Sisk, W. E. Sisk & R. L. Sisk,* for the plaintiff.

---

\* Fayette Street in Lynn.